**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
Richard G. Rosenblatt
Jason J. Ranjo
Carlyle W. Edwards-Balfour
502 Carnegie Center
Princeton, New Jersey 08540-7814
Tel.: 1.609.919.6600
richard.rosenblatt@morganlewis.com
jason.ranjo@morganlewis.com
carlyle.edwards-balfour@morganlewis.com

*Attorneys for Defendant Amazon.com Services LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM CALDWELL,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, ROBIN LUCCI, CORI KONOPKA, TIMOTHY DHULOS, BRIAN OLVER, VINCENT SAMPOLI, JAMES JAY LOOMIS, and HENRY VACA,<br><br>Defendants. | Civil Action No.: 1:24-cv-10666<br><br>**NOTICE OF REMOVAL**<br><br>*ELECTRONICALLY FILED* |

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Amazon"), through its

undersigned attorneys, Morgan, Lewis & Bockius LLP, hereby gives notice of removal of this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Gloucester County. In support of this Notice of Removal, Amazon states as follows:

## PROCEDURAL BACKGROUND

1.      In accordance with Rule 10.1(a) of the Local Civil Rules, Amazon provides the addresses of the named parties as follows:

(a)     *Pro se* Plaintiff Rahim Caldwell alleges that he resides in Providence, Rhode Island, with a mailing address at PO Box 29660, Providence, Rhode Island 02909.

(b)     Amazon is a limited liability company whose only member— Amazon.com Sales, Inc.—is incorporated in Delaware and has its principal place of business in Washington. Amazon is represented in this matter by Richard G. Rosenblatt, Jason J, Ranjo, and Carlyle W. Edwards-Balfour, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

(c)     Upon information and belief, Defendant Robin Lucci resides in Paulsboro, New Jersey.

(d)     Upon information and belief, Defendant Cori Konopka resides in Paulsboro, New Jersey.

(e)    Upon information and belief, Defendant Brian Olver resides in New Jersey.

(f)    Upon information and belief, Defendant Vincent Sampoli resides in New Jersey.

(g)    Upon information and belief, Defendant Henry Vaca resides in Pennsylvania.

(h)    Upon information and belief, Defendant Timothy Dhulos resides in New Jersey.

(i)    Upon information and belief, Defendant Jay Loomis resides in Paulsboro, New Jersey.

(j)    The individual defendants listed in Paragraphs 1(c) through 1(i), above, are hereafter referred to as the "Individual Defendants" (collectively with Amazon, "Defendants").

2.    Plaintiff commenced this action on October 22, 2024, by filing his Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, captioned *Rahim Caldwell v. Amazon.com Services LLC, et al.*, Docket No. GLO-L-001373-24 (the "State Court Action"). A copy of the Complaint is attached as Exhibit A.

3. The Complaint asserts 17 Counts, including claims of retaliation in violation of New Jersey's Conscientious Employee Protection Act ("CEPA"), race discrimination, and "conspiracy," all related to his employment with Amazon.

4. On October 31, 2024, the Law Division issued a Track Assignment Notice, a copy of which is attached as Exhibit B.

5. A true and correct copy of the docket (Case Summary) from the State Court Action as of the time of the filing of this Notice, which does not show proof of service of process, is attached as Exhibit C.

6. No other proceedings have been held in the State Court Action, and the documents attached as Exhibits A through C constitute all processes and pleadings filed in the State Court Action.

7. This Notice of Removal is being filed within 30 days of service of the Summons and Complaint, which occurred on November 12, 2024. Accordingly, Amazon has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

8. Upon knowledge and information, Amazon avers that the only Individual Defendant Plaintiff has served with a copy of the Summons and Complaint is Mr. Olver.

## GROUNDS FOR REMOVAL

9.    Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

10.    Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

11.    Amazon removes this action in accordance with 28 U.S.C § 1332(a) on the grounds that the amount in controversy in this matter exceeds $75,000, and Plaintiff and Defendants are citizens of different states. *See* 28 U.S.C §§ 1332(a), 1441(a).

### Citizenship

12.    "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

13. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

14. Plaintiff is a citizen of and resides in Rhode Island. *See* Ex. A, Compl. at 1.

15. Amazon is a citizen of Delaware and Washington because it is a limited liability company whose sole member is incorporated in Delaware and has its principal place of business in Washington. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) (for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), "the citizenship of an LLC is determined by the citizenship of its members."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business. . . . [A] limited liability company is a citizen of all the states of its members.").

16. Upon information and belief, the Individual Defendants are, and were at the time the Complaint was filed, citizens of the State of New Jersey and Pennsylvania.

17. Accordingly, this action is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

18.     To Amazon's knowledge, information, and belief, Mr. Olver is the only Individual Defendant Plaintiff has served, but that is immaterial to the forum-defendant rule because Mr. Olver was joined fraudulently joined. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) ("If the district court determines that the joinder was 'fraudulent' in this sense, the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'") (quotation marks and citation omitted). As Amazon will fully establish in a forthcoming motion to dismiss, Plaintiff's lone claim against Mr. Olver, CEPA retaliation (Count 11), is time-barred.

19.     Specifically, Plaintiff alleges that Mr. Olver retaliated against him by purportedly placing him "on a paid suspension" on October 19, 2022. *See* Ex. A, Compl. at 1, 9. And while a one-year statute of limitations applies to CEPA retaliation claims, N.J.S.A. 34:19-5, Plaintiff did not file his Complaint in this matter until October 22, 2024, more than two years after the purported suspension.

20.     Because Plaintiff's only claim against Mr. Olver is clearly time-barred, it is "wholly insubstantial and frivolous," establishing that Mr. Olver was fraudulently joined. *In re Briscoe*, 448 F.3d at 219 ("Courts have . . . recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry."); *Curley v. Mercury Ins. Servs., LLC*, No. 21-12259, 2022 WL

445633, at *3 (D.N.J. Feb. 10, 2022) ("[W]hen courts in this district have found fraudulent joinder, they have nearly always done so because the claim was based on a legal impossibility, such as *statute of limitations*, the absolute litigation privilege, or ripeness." (emphasis added)); *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("The cases where courts in this circuit have found fraudulent joinder are few and often it is only when one can say with reasonable certainty that a claim against a party cannot stand, such as when a party cannot be sued because of its status or because the statute of limitations has expired.").

21.     No other Individual Defendants have been properly joined and served. Accordingly, Amazon may remove this action even though certain Individual Defendants are forum-state defendants. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018) (forum-state defendant rule in 28 U.S.C. §1441(b)(2) does not preclude removal when in-state defendants have not been properly joined and served). In addition, non-served Individual Defendants are neither a principal nor proper defendants as the claims pleaded against them are facially non-cognizable.

22.     Here, Plaintiff is not a citizen of the same state as any Defendant. Therefore, complete diversity exists. *See* 29 U.S.C. § 1332(a)(1).

**Amount in Controversy**

23.    In the Complaint, Plaintiff seeks $7,000,000 in damages, including $2,000,000 in punitive damages. *See* Ex. A, Compl. at 2.

24.    Given the damages sought in the Complaint and otherwise potentially available, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorneys' fees because plaintiffs did not expressly limit damages to $75,000 or less and attorneys' fees alone can add up to hundreds of thousands of dollars).

25.    Because the joined and proper parties are diverse and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000, this action is properly removed on diversity grounds.

**ALL OTHER REMOVAL PREREQUISITES ARE SATISFIED**

26.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey,

Gloucester County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

27. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because the filing occurred less than 30 days after Plaintiff commenced the State Court Action.

28. In accordance with 28 U.S.C. § 1446(d), Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court Action. *See* Exs. A-C.

29. In accordance with 28 U.S.C. § 1446(d), Amazon will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Gloucester County, and will promptly give Plaintiff written notice of this filing.

30. By filing a Notice of Removal, Amazon does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

31. Further, Amazon respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of removal and/or diversity jurisdiction if Plaintiff challenges this Notice of Removal, and such discovery or argument becomes necessary.

10

32.     The undersigned is counsel for and is duly authorized to effect removal on behalf of Amazon.

WHEREFORE, Defendant Amazon hereby removes this case from the Superior Court of New Jersey, Law Division, Gloucester County, and this Court has jurisdiction over further proceedings.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated:  November 21, 2024

*/s/ Jason J. Ranjo*
Richard G. Rosenblatt
Jason J. Ranjo
Carlyle W. Edwards-Balfour
502 Carnegie Center
Princeton, New Jersey 08540-7814
Tel.: 1.609.919.6686
richard.rosenblatt@morganlewis.com
jason.ranjo@morganlewis.com
carlyle.edwards-balfour@morganlewis.com

Attorneys for Defendant Amazon.com
Services LLC

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

In accordance with Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are the subject of another pending lawsuit, arbitration, or administrative proceeding, including the State Court Action that is being removed. The related action is currently pending before the United States District Court for the District of New Jersey is captioned *Rahim Caldwell v. Amazon, et al.*, Civil Action No.: 1:24-cv-09267-CPO-AMD, which was removed to this Court from New Jersey state court and includes the same Plaintiff and two of the same defendants, Amazon and Robin Lucci.

Dated: November 21, 2024          */s/ Jason J. Ranjo*
                                 Jason J. Ranjo

12

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing Notice of Removal with attached exhibits and accompanying Civil Cover Sheet were filed via the ECF system and will be subsequently served via email and U.S. mail on the following Plaintiff:

>Rahim Caldwell
>PO Box 29660,
>Providence, Rhode Island 02909
>exposethecorrupt@yahoo.com
>
>*Plaintiff, acting pro se*

Dated:  November 21, 2024                 */s/ Jason J. Ranjo*
                                          Jason J. Ranjo